# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Respondent,<br><br>        v.<br><br>JESUS RODRIGUEZ-TOVAR,<br><br>                    Defendant-Movant. | Civil Case No. 12-cv-3025-BTM<br>Crim. Case No. 11-cr-5558-BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

Jesus Rodriguez-Tovar ("Defendant"), a federal inmate proceeding *pro se*, has filed a motion for sentence reduction pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Defendant's § 2255 motion and a Certificate of Appealability are **DENIED**.

## I.  BACKGROUND

On December 7, 2011, a grand jury indicted Defendant with a charge of violating 8 U.S.C. §§ 1326(a) and (b), a deported alien found in the United States.  (Indictment, Dec. 7, 2011, ECF No. 1.)  On June 7, 2012, Defendant pled guilty pursuant to a Plea Agreement.  (Plea Agreement, June 7, 2012, ECF No. 17.)   In the Plea Agreement, Defendant acknowledged that his sentence was within the sole discretion of the sentencing judge.  (Id. at 6.)   The parties also agreed to jointly recommend a Base Offense Level of 8, a plus 16

1  for deportation after a conviction for aiding and abetting the transportation of an illegal alien,

2  and minus 3 for acceptance of responsibility.  (Id. at 7.)  The parties, however, had no

3  agreement as to Defendant's Criminal History Category.  (Id. at 8.)  Defendant also

4  stipulated to an order of removal from the United States upon serving his imposed sentence

5  if his attempt to obtain legal status failed and waived his right to appeal or collaterally attack

6  his sentence.  (Id. at 9-10.)

7  At sentencing, counsel for Defendant calculated a sentencing guideline range of 10

8  to 16 months and recommended 12 months and 1 day in custody. (Def.'s Sentencing Chart,

9  Sept. 27, 2012, ECF No. 24.)  The Government calculated a sentencing guideline range of

10  46 to 57 months and recommended 46 months in custody.  (Gov't Sentencing Chart, Sept.

11  19, 2012, ECF No. 22.)  On October 1, 2012, the Court sentenced Defendant to a 27-month

12  term of imprisonment, followed by a three-year term of supervised release, and a $100

13  penalty assessment. (ECF No. 28.)

14

15  ## II.  DISCUSSION

16  Defendant argues for a sentence reduction based on the fact that as a deportable

17  alien, he is ineligible for (1) housing in a minimum security facility or community

18  confinement or (2) a one-year sentence reduction through a drug program and/or early

19  release to a halfway house.  Defendant further contends that his ineligibility for these

20  programs violates due process, equal protection, and the "Equal Right Act."[1]

21  Defendant's motion, however, fails for two reasons.  First, Defendant waived his

22  right to collaterally attack his sentence under the Plea Agreement.  Second, even

23  assuming Defendant did not waive his right to attack his sentence, his due process and

24  equal protection claims fail on the merits.

25

26  [1] In his motion, Defendant seeks relief under the "Equal Right Act," alleging that"No
person shall be discriminated regardless of race, color, sex, religion, or nationality." (Def.'s

27  Mot. 2,, Dec. 19, 2012, ECF No. 30.) (containing spelling and grammar alternations).  Given
the context, Defendant is essentially claiming that any discrimination based on nationality

28  – specifically his alienage status – violates the "Equal Right Act."  The Court construes this
as an equal protection claim and will address it as such.

**A.      Waiver**

Defendant argues for a sentence reduction, but Defendant waived his right to collaterally attack his sentence.  "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."  United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)).  The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when voluntarily made.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Here, Defendant entered a Plea Agreement, filed on June 7, 2012, that expressly waived his right to collaterally attack his sentence:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.  If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(Plea Agreement 10.)  Defendant has not alleged a claim of ineffective assistance of counsel.  Additionally, the Court imposed a sentence of 27 months, which is less than the Government's recommended guideline range of 46 to 57 months.  Thus, the language of the waiver encompasses the grounds raised in the instant motion.  Further, Defendant has not alleged, and there is nothing in the record to indicate, that his waiver was not knowingly and voluntarily made.

Accordingly, Defendant waived his right to collaterally attack his sentence, and therefore the Court denies Defendant's motion.

//

//

//

//

**B.     Merits**

Even assuming Defendant did not waive his right to collaterally attack his sentence, his due process and equal protection claims fail on the merits.

1.     Due Process

Defendant has not stated a claim for a due process violation.  "A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995).  The Ninth Circuit, however, has held that a prisoner does not have a recognized liberty interest in sentence reduction. See Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997) ("[D]enial of the one year reduction doesn't impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  In fact, denial merely means that the inmate will have to serve out his sentence as expected.") (internal citations and quotation marks omitted). Accordingly, Defendant's due process claim fails.

2.     Equal Protection

Defendant also has not stated an equal protection claim.  The Equal Protection Clause applies to aliens who are present in the United States unlawfully.  Plyler v. Doe, 457 U.S. 202, 210 (1982).  To state a claim for an equal protection violation, however, Defendant must allege that he was treated differently from other similarly situated persons.  See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Unless a suspect classification is present, the unequal treatment must only be "rationally related to a legitimate state interest."  Id. at 440.  Illegal alienage is not a suspect classification, Plyler, 457 U.S. at 223, and therefore rational basis scrutiny applies, which "accords a strong presumption of validity."  McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) cert. denied, 528 U.S. 1086 (2000).

The policy of excluding deportable aliens from participating in community-based treatment programs, and consequently from being eligible for sentence reductions upon

completion of the programs, survives rational basis scrutiny.  See McLean, 173 F.3d at

1186 (holding that "excluding prisoners with [Immigration and Naturalization] detainers

from participating in community-based treatment programs, and consequently from

sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest

in preventing prisoners from fleeing detainers while participating in community treatment

programs").  Deportable aliens "pose a flight risk during the community-based treatment

phase because they are subject to possible deportation upon release from custody, and

therefore have reason to flee a halfway house."  Id. at 1184.  Prisoners without detainers,

such as United States citizens, however, "have more incentive to complete the

community requirement because upon its completion they will likely qualify for sentence

reduction and be permitted to rejoin their communities." See id. at 1184.  Thus,

deportable aliens are not "similarly situated" to United States citizens regarding eligibility

for community-based or early release programs.  See, e.g., United States v. Nguyen, No.

97cr152-05, 2000 WL 1133055 (D. Or. Aug. 10, 2000) ("the Ninth Circuit has

unequivocally held that the denial of such benefits to deportable aliens pursuant to

immigration detainers does not violate the Constitution"); Santos v. United States, 940 F.

Supp. 275, 281 (D. Haw. 1996) ("one's status as a deportable alien, which may result in

ineligibility for less restrictive terms of confinement, nevertheless cannot justify a

downward departure").  Therefore, there is no equal protection violation, and Defendant's

claim fails on the merits.

//

//

//

//

//

//

//

//

### III. CONCLUSION

Defendant's collateral attack of his sentence is barred by a valid waiver.  Further, Defendant's due process and equal protection claims fail on the merits.  The Court therefore **DENIES** Defendant's motion for sentence reduction under 28 U.S.C. § 2255 and **DENIES** a Certificate of Appealability.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  January 7, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court